## CONSOLIDATED OIL-WELL PACKER CO. *v.* GALEY.

*(Circuit Court, N. D. New York. June 7, 1889.)*

**1. PATENTS FOR INVENTIONS—REISSUED LETTERS—PACKERS FOR OIL-WELLS.**
The first claim of letters patent, issued February 7, 1865, to John R. Cross, for improvements in packing for oil-wells, was carefully limited to a packer in which the rings which compress or relax the packing material were operated from the top of the well by screw-rods. *Held,* that the second claim of reissued letters No. 7,772, dated July 3, 1877, which omits that limitation, is an undue expansion of the original. It is unimportant in a reissue issued 11 years after the date of the patent that different means for operating the rings were stated in the original specifications, as they were not claimed.

**2. SAME.**
Letters patent issued February 6, 1866, to Robinson & Strong, described a packer composed of a cone which was placed upon the end of one of the sections of tubing, which could be made apart or attached to the tube, and a concave of elastic material, attached to the upper tubing, which, when the upper tubing reached the cone, was by its aid pressed out against the sides of the well. In the specifications of reissued letters No. 8,786, dated July 1, 1879, the cone became an enlargement or unyielding band or ring, and the concave became a ring, or band of elastic material, which, as the upper section moved downward, was compressed or expanded. *Held,* that the reissue was void for enlargement of claims.

**3. SAME.**
Claim 1 of letters patent issued to Francis Martin September 12, 1865, was: "In packing the tubes of oil and other deep wells, connecting the ends of the packing device or apparatus to separate or disconnected sections of the well-tube, so as to inclose the joint within said packing device." Claim 2. "Connecting such separate sections of the well-tube to each other by means of a coupling, one end of which slides on one of the sections." Claim 4 of reissued letters No. 7,244, dated July 25, 1876, was: "In combination with the eduction tube, * * * an elastic or flexible packing, a rim or shoulder upon the eduction tube, and a corresponding rim upon the packer support, whereby when the eduction tube is removed from the well, the rim or shoulders shall engage with each other, and withdraw the packer support." *Held,* that the reissue is not an enlargement of the second claim of the original.

In Equity. Bill to restrain infringement of letters patent.

*H. H. Doubleday* and *Frost & Coe,* for plaintiff.
*James C. Boyce,* for defendant.

SHIPMAN, J.  This is a bill in equity to restrain the defendant from the alleged infringement of reissued letters patent, No. 7,772, dated July 3, 1877, to John R. Cross, assignor to H. H. Bliss, of reissued letters patent No. 8,786, dated July 1, 1879, to John K. Robinson and David A. Strong, and of reissued letters patent No. 7,244, dated July 25, 1876, to Francis Martin, assignor to Henry H. Doubleday, all being for improvements in packing for oil or deep wells.  The original patents were issued as follows:  The Cross patent, upon February 7, 1865; the Robinson & Strong patent, upon February 6, 1866; and the Martin patent, upon September 12, 1865.  The Cross and Martin patents were before me in the case of *Well Packer Co.* v. *Eaton, Cole & Burnham Co.,* in the district of Connecticut, and the alleged infringing device in this case is believed to be substantially the same which was the subject of that suit.  The opinion in that case (12 Fed. Rep. 865) states the facts relating to the history of the art, the character of the improvements which were the subject of the Cross and Martin patents, the several claims which were said to be infringed, the claims of the original Cross patent, the reason why all the claims of the reissued Cross patent were deemed to be invalid, unless limited to the scope of the original claims, in which case there was no infringement, and the fact that the validity of one claim only of the reissued Martin patent was in dispute.  The discussion in the present case was confined, by agreement of the parties, to the consideration of the validity of the reissues, and all other questions which may arise were reserved for a future hearing.

It is earnestly contended by the plaintiff that the second claim of the reissued Cross patent was not an undue expansion of the first claim of the original patent.  The question was succinctly stated and answered in the decision in the Connecticut case, and little is to be added to what was there said.  The first claim of the original patent was carefully limited to a packer in which the rings which compress or relax the packing material are operated from the top of the well by screw-rods.  The second claim of the reissue omits that limitation, and thus, 11 years after the original patent was granted, its scope was greatly enlarged.  It is not important that other and different means by which the rings might be operated were stated in the original specification, because these means were not claimed, and the invention, as patented, was limited to the use of screw-rods and their equivalent, and so remained for a long period.  The Robinson & Strong reissue, which was granted 13 years after the date of the original patent, is of the same expanded character. The packer which was described in the original patent was constructed as follows: A cone was placed upon the end of one of the sections of the tubing, which could be a part of the tube, or could be attached thereto. A concave, made of elastic material, was attached to the upper tubing, which, when the upper tubing reached the cone, was by its aid pressed out against the sides of the well.  The claims were as follows:

"(1) The tubes, B and E, forming a telescopic joint, in combination with the flexible packing, G, substantially as described. (2) In combination with a telescopic joint, the conical enlargement, A, slots, F, and screws or pins, D, substantially as described. (3) The cone, A, and flexible packing, G, arranged and operating substantially as described, forming a packing both for the well and the tube."

The first claim, unless the tube, B, should be construed to mean the tube with the attached cone, was larger than the invention. The specification of the reissue was rewritten and expanded. The cone became an enlargement or unyielding band or ring, and the concave became a ring or band of elastic material, which, as the upper section moved downward, was compressed or expanded, and this, it was said, was only one form of the invention. The first three claims of the reissue are capable of including a large variety of devices. The claims are as follows:

"(1) In combination with the eduction tube of an oil or other deep well, an outer tubular connection, attached to the tubing in such manner that the upper section can move vertically, and a rubber annulus supported against downward thrust by the outer tubular connection, and pressed against the wall of the well by the weight of the vertically-moving eduction tube, substantially as set forth. (2) An eduction tube of an oil or other deep well, made in two sections, connected with each other by means of an outer tubular connection in such manner that the upper section can slide vertically, and the rubber annulus surrounding the tube supported against downward thrust by the lower tube section, and pressed against the wall of the well by the upper tube section, substantially as set forth. (3) In combination with the eduction tube of an oil or other deep well, which is composed of two sections, an elastic or flexible packing, and a telescopic coupling, which is provided with means, substantially as described, whereby, when the upper section is removed from the well, the lower section will be carried up with it. (4) An eduction tube of an oil-well or other deep well, composed of two sections coupled together in such manner that the upper section can slide vertically relative to the lower section, in combination with a flexible ring or band supported upon one of the tube sections, and an unyielding wedge-shaped enlargement which presses the packing against the wall of the well when the upper section of the tubing moves downward relative to the lower section, substantially as set forth."

In these claims the device which was clearly described in and was the only subject of the original specification is not described. The cone and the concave packing have both disappeared. In place of the cone the first claim has "an outer tubular connection attached to the tubing in such manner that the upper section can move vertically," and has in place of the concave packing "a rubber annulus supported against downward thrust by the outer tubular connection." Each of the other claims is a marked example of the same attempt to expand a narrow patent and a narrow invention so as to cover a broad territory. The thing which was the subject of the original patent and the thing which it is desired to bring within the terms of the reissue are entirely dissimilar.

The important part of the Martin invention was "a series of flat springs, arranged lengthwise in the form of a cylinder about a well-tube, the latter being divided or made in two sections within the points inclosed by the springs, and their ends connected by a coupling in such.

a way as to make a sliding joint." The springs were surrounded by a cylinder of gutta-percha or other elastic material. The upper end of the coupling-tube was enlarged on the inside so as to form an inner circumferential rim, which slides along the outside of the upper section, but is prevented from coming off the same by a rim surrounding the lower end of said section, and then the lower end, which contains the packing, is removed from the well. The fourth claim of the reissue is the only one which is said to have been infringed. It is admitted that the other claims are an improper enlargement of the original patent, unless they shall be limited to the same construction of springs or leaves, in which case there was no infringement. The point at issue is whether the fourth claim of the reissue and the second claim of the original patent describe the same invention. For the purpose of thoroughly comparing the respective claims I quote the first and second claims of the original patent and the fourth claim of the reissue, which are as follows:

"(1) In packing the tubes of oil and other deep wells, connecting the ends of the packing device or apparatus to separate or disconnected sections of the well-tube, so as to inclose the joint within said packing device, substantially as above described. (2) Connecting such separate sections of the well-tube to each other by means of a coupling, one end of which slides on one of the sections, substantially as described." "(4) In combination with the eduction tube of an artesian well, an elastic or flexible packing, a rim or shoulder upon the eduction tube, and a corresponding rim upon the packer support, whereby, when the eduction tube is removed from the well, the rim or shoulders shall engage with each other, and withdraw the packer support, substantially as set forth."

The second claim of the original is for that portion of a packing device for tubes of oil-wells which consists of separate sections of the well-tube, connected together by means of the described coupling, and does not describe any particular kind of packing. The claim has for its elements an elastic packing, separate tube sections—one being the upper-tube and the other the packer support—connected together by the described rims or coupling. The fourth claim of the reissue is not an enlargement or expansion of the second claim of the original, but states in more clear and precise language what is contained in the inartificial language of the original claim. The infringing device would have infringed the terms of that claim. It must be remembered that upon this hearing the validity of the reissues, as compared with the original patents, is solely in issue. The novelty or the patentability of the various devices or parts of devices is not now a subject of consideration.

The defendant insists that if the complainant is entitled to a decree upon this claim it must be upon condition of a disclaimer, so as to limit the patented invention to that which was contained in the original patent, and without costs. It is not now necessary to consider the question of costs, because, upon a hearing of the facts the court may be of opinion that the invention of the fourth claim has no patentable novelty, and that the bill should be dismissed.